See my concurring opinion in *United States v. Anderson*, 21 M.J. 670 (A.C.M.R. 1985).

**UNITED STATES, Appellee**

v.

**Specialist Four Jon L. GUDE, 508–98–4448, United States Army, Appellant.**

**SPCM 21616.**

U.S. Army Court of Military Review.

31 Jan. 1986.

For Appellant: Lieutenant Colonel Arthur L. Hunt, JAGC, Captain Martin B.

Healy, JAGC, Captain David L. Carrier, JAGC, Captain Joseph Tauber, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Byron J. Braun, JAGC, Captain Jan M. Wamsted, JAGC (on brief).

Before WOLD, FELDER, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

Pursuant to his pleas, appellant was convicted of larceny of a stereo turntable belonging to a soldier who lived in his barracks and housebreaking, violations of Articles 121 and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 930, respectively. He was sentenced by the officer members of his special court-martial to a bad-conduct discharge, forfeiture of $413.00 pay per month for one month, and reduction to the grade of E-1. The convening authority approved the sentence. Subsequent to findings, the military judge declared a mistrial as to the sentence proceedings. Thereafter, the convening authority ordered a rehearing for the purposes of sentencing only. The events recounted below occurred during the sentence rehearing.

Appellant offered Defense Exhibit B, a "statement of support" signed by 26 of the occupants of the barracks where he lived. It was admitted into evidence without objection. This statement indicated that, despite appellant's larcenous activity, the signers still trusted him and were willing to have him back. Other evidence during sentencing indicated that there were approximately 59 people living in the barracks. The military judge proposed to instruct the members that they could "justifiably infer" that the 33 non-signers disagreed with those who had signed the statement, as follows:

In this case, evidence has been introduced that there are 59 occupants of [appellant's barracks] and 26 occupants have indicated that they still trust and respect [appellant] and believe he deserves another chance, and they want [appellant] to continue living with them with no objections. They feel that the offenses are out of character and they are convinced that they will never happen again. Based on this evidence, you may justifiably infer that 33 occupants of that building do not so feel. The drawing of this inference is not required and the weight and effect, if any, will depend on the facts and circumstances, as well as the other evidence in the case.

Finding the military judge unreceptive to his objection to this instruction, the trial defense counsel withdrew Defense Exhibit B. Appellant contends that the proposed instruction was erroneous and that as a result his trial defense counsel was improperly compelled to withdraw the exhibit.

Taking the proposed instruction as a whole, we find (as the trial defense counsel evidently did) that the proposed instruction suggested, rather than merely permitted, the inference that the nonsigners distrusted appellant and objected to his return to the barracks. In this case, we conclude that the instruction to the members that they could "justifiably infer" the disfavor of the 33 nonsigners was not counterbalanced by the qualification that such an inference was "not required." The proposed instruction violated the requirement that judicial comments on the evidence "not depart from an impartial role" and the requirement that such comments "make clear that the members must exercise their independent judgment as to the facts." Moreover, the proposed instruction also violated the principle that judicial comment on the evidence should "not assume as true the existence or nonexistence of fact in issue when the evidence is conflicting or disputed, or when there is no evidence to support the matter."[1]

---

1. The discussion of Rule for Courts-Martial 920(e) states:

The military judge may summarize and comment upon the evidence in the case in

As noted, the proposed instruction was never given, since the trial defense counsel elected to withdraw Defense Exhibit B rather than risk the consequences of the instruction. Under the circumstances of this case, this decision was, in effect, compelled by the military judge's proposed instruction. Thus the effect of the judge's error was to exclude Defense Exhibit B, and the resulting situation is the same as if he had erroneously sustained an objection to its admission.

Testing for prejudice, we find that appellant suffered no harm inasmuch as the exhibit in question was cumulative with other evidence considered by the members in determining appellant's sentence. In this regard, the testimony of three floor supervisors from appellant's barracks indicated that appellant's offenses had not affected the members of the barracks and that the occupants still felt that they could live with appellant because they still liked and trusted him. In addition, four members of appellant's chain of command testified that he was a good worker and soldier and that they would take appellant back into the unit despite his conviction. Accordingly, although we agree with appellant that the military judge's proposed instruction was erroneous and that it compelled the withdrawal of Defense Exhibit B, we find the error harmless beyond a reasonable doubt. *Cf. United States v. Vandelinder*, 20 M.J. 41 (C.M.A.1985).

We have also considered the remaining assignment of error and the matters personally raised by appellant and find them to be without merit.

The findings of guilty and the sentence are affirmed.

instructions. In doing so, the military judge should: present an accurate, fair, and dispassionate statement of what the evidence shows; not depart from an impartial role; not assume as true the existence or nonexistence of a fact in issue when the evidence is conflicting or disputed, or when there is no evidence to support the matter; and make clear that the members must exercise their independent judgment as to the facts.